```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                            Case No. 17-00437-JJT
Steven P. Messler                                                 Chapter 7
         Debtor              CERTIFICATE OF NOTICE
District/off: 0314-5          User: PRadginsk           Page 1 of 1          Date Rcvd: Jan 09, 2018
                              Form ID: 318              Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 11, 2018.
db             +Steven P. Messler,    2173 Sanctuary Drive,    East Stroudsburg, PA 18302-9021
4880681        +Bankamerica,    4909 Savarese Cir,    Tampa, FL 33634-2413
4880685        +Powell Inc,    1 Fisher Street,    Halifax, PA 17032-8845
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +E-mail/Text: wschwab@iq7technology.com Jan 09 2018 18:55:52      William G Schwab (Trustee),
                 William G Schwab and Associates,    811 Blakeslee Blvd Drive East,    PO Box 56,
                 Lehighton, PA 18235-0056
4880682         EDI: BANKAMER.COM Jan 09 2018 18:58:00      Bk Of Amer,    Po Box 982238,    El Paso, TX 79998
4880683         EDI: CAPITALONE.COM Jan 09 2018 18:58:00      Capital One Bank Usa N,    15000 Capital One Dr,
                 Richmond, VA 23238
4880684        +EDI: DISCOVER.COM Jan 09 2018 18:58:00      Discover Fin Svcs Llc,    Pob 15316,
                 Wilmington, DE 19850-5316
4892580        +EDI: PRA.COM Jan 09 2018 18:58:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
4880686        +E-mail/Text: jdavis@valorcu.org Jan 09 2018 18:55:35      Valor Federal Credit U,
                 315 Franklin Ave,    Scranton, PA 18503-1201
4880687        +E-mail/Text: jdavis@valorcu.org Jan 09 2018 18:55:35      Valor Feferal Credit Union,
                 315 Franklin Avenue,    Scranton, PA 18503-1201
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 11, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 9, 2018 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              John J. Martin    on behalf of Debtor 1 Steven P. Messler jmartin@martin-law.net,
               kmartin@martin-law.net;nmundy@martin-law.net;jashley@martin-law.net;mmacleary@martin-law.net;r598
               91@notify.bestcase.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              William G Schwab (Trustee)    schwab@uslawcenter.com,
               wschwab@iq7technology.com;ecf@uslawcenter.com
                                                                                              TOTAL: 4
```

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Steven P. Messler** | | Social Security number or ITIN | xxx–xx–8126 |
| | First Name  Middle Name  Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | | Social Security number or ITIN | _ _ _ _ |
| | | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Middle District of Pennsylvania** | | | |
| Case number: | **5:17–bk–00437–JJT** | | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Steven P. Messler

**By the court:** *[signature]*

January 9, 2018

Honorable John J. Thomas
United States Bankruptcy Judge

By: PRadginsk, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**